UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7435-DMG (MAAx)** | Date | October 17, 2023 |
|---|---|---|---|
| Title | *In re Marriage of Kel Mitchell and Tyisha Mitchell* | Page | 1 of 3 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER REMANDING ACTION TO STATE COURT AND DENYING PENDING MOTIONS AS MOOT [3, 12]**

On September 5, 2023, Tyisha Mitchell, proceeding *pro se*, removed this action filed in the Los Angeles County Superior Court to federal court.[1] [*See* Doc. # 1.] Tyisha refers to herself as the "defendant in the civil action brought on 8/5/2006." *Id.* at 1. She asserts federal question jurisdiction on the basis that "Plaintiff, Judges, Commissioner, attorney[s] and others deprived Defendant of her rights to the liberty of locomotion" guaranteed by the Fourteenth Amendment and giving rise to a cause of action under 42 U.S.C. § 1983. *Id.* at 2.

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter

---

[1] The Court will refer to the parties by their first names, to avoid confusion.

Tyisha failed to sign her notice of removal, which violates Local Rule 11-1. *Available at* https://www.cacd.uscourts.gov/court-procedures/local-rules. Although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* L.R. 83-2.2.3.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7435-DMG (MAAx)** | Date | October 17, 2023 |
|---|---|---|---|
| Title | ***In re Marriage of Kel Mitchell and Tyisha Mitchell*** | Page | 2 of 3 |

and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

The Court takes judicial notice of the records of the Los Angeles County Superior Court (*see* Fed. R. Evid. 201), which do not indicate any filings on August 5, 2006.[2] Rather, the case number that Tyisha has provided refers to an action for dissolution between Kel Mitchell (Petitioner) and Tyisha Mitchell (Respondent) filed on August 16, 2005. As attachments to the notice of removal, Tyisha also has filed an "affidavit of truth of a natural person" (claiming federal courts lack jurisdiction over her as a "sovereign citizen") (*id.* at 5 (formatting omitted)), a motion and notice of motion to withdraw the stipulation for appointment of a referee (*id.* at 16), and an "affidavit [and] notice of default certified 'judgment' of unrebutted affidavit. . . ." *Id.* at 43 (formatting omitted). None of these documents appears to be the complaint or other case-initiating document filed in state court. Nor does any document filed as part of the lengthy attachments to her notice of removal assert a 42 U.S.C. § 1983 claim for deprivation of her "right to locomotion."

The Court lacks removal jurisdiction over this action because Tyisha fails to attach to the notice of removal any pleading that includes a 42 U.S.C. § 1983 claim for deprivation of her right to locomotion. Indeed, the fact that she phrases her claims as attacks on the actions of the judicial officers and parties in her state dissolution proceedings indicates that she seeks to *challenge* the state court's rulings within her family law case. *See Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (federal courts should not exercise jurisdiction over an action that is a *de facto* appeal from a state court interlocutory order or judgment). To the extent she claims that she has federal defenses to state court claims, it is well established that an action cannot be removed to federal court based on a federal question asserted in a defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Therefore, it is clear that the Court lacks removal jurisdiction over this action, notwithstanding the notice of removal predicated on an alleged federal question claim.[3]

---

[2] *Available at* https://www.lacourt.org/website/FindaCase.aspx, using case number BD431414 (last accessed Oct. 5, 2023).

[3] Tyisha does not assert diversity jurisdiction as a basis for removal. *See also Ankenbrandt v. Richards*, 504 U.S. 689, 706 (1992) (adopting the domestic relations exception, under which the court lacks diversity jurisdiction over claims in which the court would be required to issue divorce, alimony, or child custody decrees).

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 23-7435-DMG (MAAx) | Date | October 17, 2023 |
|---|---|---|---|
| Title | *In re Marriage of Kel Mitchell and Tyisha Mitchell* | Page | 3 of 3 |

The action is therefore **REMANDED** to the Los Angeles County Superior Court. The pending motion to remand [12] and request to proceed *in forma pauperis* [3] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.